```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT
```

Andrea Briggs,                   :
    Plaintiff,                :
                              :
    v.                        :       File No. 1:08-CV-133
                              :
North Country Health             :
System, Veronika                 :
Jedlovskzy,                      :
    Defendants.               :

<u>OPINION AND ORDER</u>
(Paper 1)

Plaintiff Andrea Briggs, proceedings *pro se*, seeks to bring an action appealing a decision of the Vermont Supreme Court and seeking immediate injunctive relief under 28 U.S.C. § 2284(b)(3). Pending before the Court is Briggs' motion to proceed *in forma pauperis*. Because Briggs' motion and accompanying affidavit meet the requirements of 28 U.S.C. § 1915, the motion to proceed *in forma pauperis* is GRANTED. However, for the reasons set forth below, this case is DISMISSED.

<u>Factual Background</u>

Briggs has filed two documents in this case, the first of which is entitled "Notice of Intent to Appeal from the Decision of a State Court." (Paper 1-2). The second document requests both relief from the judgment of a state court and "mandatory injunctive relief to continue the prescription of oxygen in support of the plaintiff's respiratory problems . . . ." (Paper 1-3). Enclosed with these filings is a copy of a medical malpractice complaint Briggs filed in state court in mid-May

2008.  The complaint alleges that the defendants breached their duty of care by (1) temporarily discontinuing Briggs' oxygen support, (2) invoking a Medicare standard for prescribing oxygen, and (3) refusing to provide examinations and follow-up care.

In an entry order dated May 14, 2008, the Orleans Superior Court denied Briggs' motion for a temporary restraining order, ruling that "[t]he plaintiff's entitlement to relief is not clear, nor will the court intrude on the decision making of a physician in the absence of expert testimony, if at all."  (Paper 1-3 at 10).  Briggs next brought a motion for extraordinary relief before the Vermont Supreme Court.  On June 10, 2008, the Vermont Supreme Court denied her motion for failure "to satisfy the requirements set forth in V.R.A.P. 21."  Id. at 13.

In her current filings, Briggs asks for relief from judgment under Fed. R. Civ. P. 60, specifically requesting that "the Court of Appeals grant her relief from a Judgment of the Supreme Court of Vermont . . . ."  She also cites "harmless error" under Fed. R. Civ. P. 61, and requests a suspension of the rules under F.R.A.P. 2.  Finally, Briggs has moved for mandatory injunctive relief under 28 U.S.C. § 2284.

## Discussion

When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis.  See 28

U.S.C. §§ 1915(e)(2). A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2). For purposes of this review, courts must accept the factual allegations in the complaint as true and make all inferences in the plaintiff's favor. Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003).

In this case, the Court cannot grant Briggs the relief she is requesting. Her filings first seek to have this Court act as a court of appeals and reverse the judgments of the state courts. It has long been held, however, that federal district courts lack jurisdiction "to review final judgments of a state court in judicial proceedings." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). This is because, among federal courts, only the U.S. Supreme Court has jurisdiction to hear appeals from state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); 28 U.S.C. § 1257(a).

Furthermore, even if the Court were to accept Briggs' filings as a complaint, and not an appeal, she has failed to allege a valid federal claim. Her state court complaint alleges common law negligence in the form of medical malpractice. Briggs now asks this Court to review her malpractice claim on the basis

of federal rules and statutes that have no application here. Indeed, this Court will not apply Rule 60 to a judgment of another court. <u>See</u>, <u>e.g.</u>, <u>Segal v. TWA</u>, 63 F. Supp. 2d 373, 380 (S.D.N.Y. 1999).  Furthermore, Rules 60 and 61 apply only to errors by federal district courts.  <u>See</u> Fed. R. Civ. P. 1.  While Briggs asks the Court to suspend the rules under F.R.A.P. 2, that Rule is one of appellate procedure and may only be employed by a court of appeals.  <u>See</u> F.R.A.P. 2 advisory committee's note. Briggs' statutory citation, 28 U.S.C. § 2284(b)(3), applies only in specific circumstances, such as challenges to the apportionment of congressional districts, and has no bearing on this case.

As to the substance of her claims, Briggs charges that the state courts denied her "equal protection of the Courts." (Paper 1-2 at 4).  In order to state an equal protection claim, a plaintiff must show that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

Briggs does not allege that she was treated differently from others who have appeared in Vermont courts.  The complaint alleges that "[w]hile Judge Bent stated that he would not interfere with the decisions of a doctor, he failed to consider the rights of the Plaintiff . . . .  The Courts failed to protect

4

the health and safety of this vulnerable Plaintiff . . . ." Id. Accordingly, Briggs' sole claim is that the courts did not give her interests adequate weight. Such a claim falls far short of alleging a constitutional violation.

Assuming, for the sake of argument, that Briggs raises a valid constitutional claim against the state courts, those courts are not parties. Consequently, this Court would not be able to grant any meaningful relief. Moreover, suits against state courts would be barred by the Eleventh Amendment. Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007). If the Court allowed Briggs to amend her complaint to add the respective judges as parties, her claims would fail in light of those judges' entitlement to absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

As to the named defendants, North Country Health System and Dr. Jedlovskzy, there is no suggestion that either of these parties has violated federal law. The Court therefore concludes that Briggs has failed to state a valid federal claim on which relief may be granted. Because this Court may not review state court decisions on appeal, and with no hint of a viable federal claim, the Court finds that granting leave to file an amended complaint would be futile. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). This case is DISMISSED.

<u>Conclusion</u>

For the reasons set forth above, Briggs' motion to proceed *in forma pauperis* is GRANTED, and this case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of June, 2008.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge
